CHRISTIAN SCHLATTERER v. HELENE NICKODEMUS.

*Justice's docket in proof of judgment—Loss of jurisdiction.*

A justice's judgment may be proved by his docket.    Comp. L. §§ 5488–5490.

Where a justice's docket recites that plaintiff declared "orally in assumpsit on the common counts and specially in writing," it cannot, in an action on the judgment, be assumed that, in declaring specially, he added a count upon a cause of action not cognizable by the justice, or that, even if he did, the judgment was rendered upon the bad count.

A justice's judgment cannot be held invalid upon a mere presumption that the justice had lost jurisdiction, if his docket shows the parties were regularly brought into court.

Deeds of land may be admissible as evidence in a justice's court for many purposes; and their admission will not sustain a presumption that the judgment in the suit was rendered in a case of which he had no jurisdiction as determining the title to real property.

Error to Saginaw.    (C. H. Gage, J.)    Apr. 10.—Apr. 18.

ASSUMPSIT.    Plaintiff brings error.    Reversed.

*Sweet & Flanders* for appellant

*W. S. Tennant* for appellee.    The docket entry of a judgment consists of the entries required to be made by statute, but it is not sufficient to prove a valid judgment; nor is the record of a justice's docket, consisting of entries of a judgment, without the files in the case: *Kenyon v. Baker* 16 Mich. 373; *Goodrich v. Burdick* 26 Mich. 41; the entry of a judgment in the docket of a justice of the peace is evidence of the judgment, but it is not the judgment itself: *Hickey v. Hinsdale* 8 Mich. 267; the facts necessary to give jurisdiction to courts of limited jurisdiction, must appear affirmatively of record, and cannot be presumed: *Clark v. Holmes* 1 Doug. (Mich.) 390; *Wight v. Warner* id. 384; *Smalley v. Lighthall* 37 Mich. 350; *Chandler v. Nash* 5 Mich. 409; *Allen v. Carpenter* 15

Mich. 32; *Wall v. Trumbull* 16 Mich. 249; *Spear v. Carter* 1 Mich. 19.

COOLEY, J.   This suit is brought upon a justice's judgment against Peter Nickodemus and Helene Nickodemus, who are, and were when the judgment was rendered, husband and wife.   Helene Nickodemus alone defends, and the sole question made in the case is whether the judgment was valid as to her.

The proof of the judgment consisted in the justice's docket.   The docket recited the commencement of suit by summons; the return of the summons personally served on both defendants; the appearance of both in the case; two adjournments of the case by consent of defendants without pleadings; declaration by the plaintiff on the second adjourned day " orally in assumpsit on the common counts and specially in writing;" oral plea of the general issue and a further adjournment on the defendants' application; and still another on the plaintiff's application; and finally, the defendants failing to appear on the day to which the cause was last adjourned, an ex parte trial and judgment for the plaintiff. On the trial certain deeds of land appear to have been given in evidence, but for what purpose does not appear.   The files of the justice were not put in evidence, and we have no knowledge what the plaintiff declared upon specially in writing.

The circuit judge held that it did not appear affirmatively that the justice had jurisdiction of the case, but he certainly had jurisdiction of an action of assumpsit, and of a case upon the common counts.   We cannot assume, in the absence of all proof, that the plaintiff added to his oral declaration a count upon a cause of action which the justice could not try, or, even if he had done so, that the case was tried and judgment rendered upon the bad count instead of upon those which were good.   The parties having been regularly brought into court, no presumption can be indulged that the justice lost jurisdiction by any misstep afterwards.   It is suggested that the introduction of the deeds in evidence showed that he was assuming to take cognizance of a dis-

puted title to lands; but they might have been entirely admissible for many other purposes. Under the statute a justice's judgment may be proved by the docket,—Comp. L. §§ 5488–5490 ;—and there being no other question in the case, the plaintiff should have had judgment.

The judgment will be reversed with costs and a new trial ordered.

**The other Justices concurred.**